**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GUILHERME ROCHO ROSA,<br><br>Plaintiff,<br><br>-against-<br><br>EASTERN RECOVERY, INC. and PAWTUCKET CREDIT UNION,<br><br>Defendants. | Civil Case Number:<br><br>**CIVIL ACTION<br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff GUILHERME ROCHO ROSA (hereinafter, "Plaintiff"), a Massachusetts resident, brings this complaint by and through the undersigned attorneys, Rights Protection Law Group, PLLC and Marcus & Zelman, against Defendant EASTERN RECOVERY, INC. and PAWTUCKET CREDIT UNION (hereinafter "Defendants").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action after the Defendants illegally repossessed his vehicle from the Plaintiff's driveway without the Plaintiff's consent, thereby violating Massachusetts General Laws 255B, § 20B.  Plaintiff also brings a claim against EASTERN RECOVERY, INC. for illegally repossessing his vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

1

4. Plaintiff is seeking statutory damages, actual damages, as well as attorneys fees and costs.

## PARTIES

5. Plaintiff is a natural person and a resident of Everett, Massachusetts and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant EASTERN RECOVERY, INC., (hereinafter referred to as "Eastern"), is a repossession company, with its principal place of business in Smithfield, Rhode Island.

7. Upon information and belief, Defendant Eastern is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

8. Defendant Eastern is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

9. Defendant Pawtucket Credit Union, (hereinafter referred to as "Pawtucket"), is a credit union headquartered in Pawtucket, Rhode Island.

10. Pawtucket is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

## ALLEGATIONS OF FACT

11. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

12. The Plaintiff owns a 2017 Toyota RAV-4, which was financed with a loan through Pawtucket.

13. The Plaintiff purchased and uses the Toyota RAV-4 for his personal use and enjoyment.

14. The Pawtucket loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

15. Sometime prior to October 6, 2019, the Plaintiff fell behind on his obligations to Pawtucket.

16. As a result, Pawtucket contracted with Eastern to repossess the Plaintiff's vehicle.

17. Upon information and belief, after being contracted by Pawtucket to repossess the Plaintiff's vehicle, Eastern proceeded to carry out the actual repossession.

18. At approximately 3:00 a.m. on October 6, 2019, the Defendant illegally entered into the Plaintiff's private driveway, in order to repo the Plaintiff's vehicle.

19. Plaintiff never consented the Defendant's entry upon his private property, and the Defendant thereby trespassed by unlawfully entering Plaintiff's property.

20. In illegally repossessing the Plaintiff's vehicle, the Defendants also damaged the Plaintiff's vehicle, scratching up the vehicle, and leaving oil stains on the vehicle.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f** *et seq.*
**(Against Eastern)**

21. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

22. Plaintiff brings this Count against Defendant Eastern.

23. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

24. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

    (A)    there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

    (C)    the property is exempt by law from such dispossession or disablement.

25. At the time of the repossession, the Plaintiff's vehicle was parked on his private property

– his driveway – during the time that the Defendants unlawfully repossessed his vehicle.

26. To repossess the Plaintiff's vehicle, the Defendants trespassed on the Plaintiff's private property without the Plaintiff's consent, in violation of Massachusetts General Laws 255B, § 20B's which only allows repossessions that can be accomplished without entry on property owned by or rented to the debtor, unless the debtor consents to an entry, at the time of such entry.

27. Plaintiff never consented to the Defendants' entry upon his property to repossess his vehicle.

28. As a result, the Defendants did not have the present right to possession of the Plaintiff's vehicle while it was on Plaintiff's property, and was prohibited from repossessing it.

29. Moreover, while the Plaintiff's vehicle was on the Plaintiff's property, Plaintiff's vehicle was clearly exempt from repossession or disablement.

30. As a result, the Defendants violated 15 USC § 1692f(6) when it repossessed the Plaintiff's vehicle on October 6, 2019.

31. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendant harmed the Plaintiff by physically damaging the Plaintiff's vehicle, as well as by subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

32. Defendant's illegal activity also harmed the Plaintiff by causing him to suffer anger, anxiety, emotional distress, frustration and embarrassment, and by taking up the Plaintiff's time to go retrieve his vehicle.

33. By reason thereof, Defendants Eastern is also liable to the Plaintiff for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

### COUNT II

**UNLAWFUL TRESPASSORY REPOSSESSION**
**M.G.L. c. 255B, § 20B *et seq.***
**(Against All Defendants)**

34. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

35. Plaintiff brings this Count against Defendants Eastern and Pawtucket.

36. Massachusetts law does not permit non judicial or "self help" repossession of consumer motor vehicles if such repossession involves entry onto property owned or rented by the debtor without the debtor's consent at the time of entry. M.G.L. c. 255B, § 20B.

37. On or about October 6, 2019, Eastern repossessed the vehicle on behalf of Pawtucket by entering the Plaintiff's private driveway to repossess the Plaintiff's vehicle without Plaintiff's consent or judicial authorization.

38. Failure to comply with lawful repossession procedures provided by G.L. c. 255B § 20B bars collection of any deficiency. *See,* G.L. c. 255B §§ 20B(e)(1), 22; see also Queenan, *The New Consumer Repossession Law*, 58 Mass. L. Q. 412, 417 418 (1973).

39. As a direct and proximate result of the Defendants' trespassory repossession, Plaintiff suffered damages including damage to his vehicle, loss of use of the vehicle and the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and embarrassment.

### COUNT III

### UNFAIR AND DECEPTIVE PRACTICES IN TRADE OR COMMERCE
### M.G.L. c. 93A, § 9, *et seq.*
### (Against All Defendants)

40. Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

41. At all relevant times, the Defendants were engaged in trade or commerce.

42. The Defendants unfairly and deceptively directly or indirectly collected on the Plaintiff's loan with Pawtucket via non judicial repossession of the vehicle without a present right to possession and in violation of chapter 255B § 20B. M.G.L. c. 255B, § 6, 940 Code Mass. Regs. § 7.07(18)(a), see also M.G.L. c. 93, § 49.

43. On or about October 31, 2019, December 31, 2019 and February 6, 2020 – more than thirty days before this lawsuit was filed – a demand letter was mailed to Defendant Eastern, setting forth Plaintiff's claim under General Laws c. 93A.

44. No response to this Demand Letter was ever received from any of the Defendants.

### DEMAND FOR TRIAL BY JURY

45. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

    (a)    awarding Plaintiff his actual damages incurred;

    (b)    Tripling of actual damages pursuant to M.G.L. c. 93A, § 9;

    (c)    awarding the Plaintiff statutory damages, along with the attorneys' fees

    and expenses incurred in bringing this action;

 (c) Awarding pre-judgment interest and post-judgment interest; and

 (f) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: July 14, 2020

By: /s/ Kevin Crick
Kevin Crick, Esq.
BBO: 680950
Rights Protection Law Group, PLLC
100 Cambridge St., Suite 1400
Boston, MA 02114
Phone: (617) 340-9225
Fax: (888) 622-3715
k.crick@rightsprotect.com
*Attorney for Plaintiff*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*
**Pro Hac Vice To Be Filed**